## THE PEOPLE *v.* TERRENCE SMITH.

EVIDENCE OF FORMER QUARREL ON TRIAL FOR MURDER.—If two persons have a quarrel and a fight, and after an interval of six hours one of them seeks the other, forces a contest, and takes his life, and is afterwards indicted for murder, he cannot, in defense, introduce evidence of the first quarrel as part of the *res gestæ*.

FORMER QUARREL AS PROVOCATION FOR KILLING.—If two persons quarrel, and after a sufficient time has elapsed for reason to resume its sway, one of them kills the other, and is indicted for murder, proof on the trial of the first quarrel as a provocation for the killing makes the killing attributable to deliberate revenge, and punishable as murder.

APPEAL from the District Court, Fourteenth Judicial District, Nevada County.

The facts are stated in the opinion of the Court.

*David D. Belden,* for Appellant.

It will be observed that the offer was to prove that both transactions were part of the same fight; the one—its commencement—the stabbing of Smith by Daley, and the result, the killing of Daley by Smith. If this fact, proven as offered, would have been relevant or material, then the exclusion of the evidence offered to establish it, was error. We admit, for the purposes of this argument, that there is nothing in the evidence presented that shows this to have been the fact; and we may further concede, that had we presented what we proffered, it would have been overwhelmingly contradicted; still, if it was material or relevant, its weight or credibility do not affect its admissibility. Upon this point we cite : *People* v. *Arnold,* 15 Cal. 481 ; *People* v. *Costillo,* 15 Cal. 334 ; *People* v. *Williams,* 18 Cal. 191 ; *People* v. *Roach,* 17 Cal. 297.

Says Greenleaf: " The surrounding circumstances constituting part of the *res gestæ,* may always be shown to the jury along with the principal fact." (1 Greenleaf's Ev., Sec. 108.)

While the surrounding circumstances may be thus proven, the commencement or conclusion of the transaction itself cannot be excluded.

It was further admissible as showing the mental condition of the defendant. Under the indictment in this case, the defendant could have been convicted of manslaughter; the provocation he had received determining whether this offense was committed, the offer to prove that deceased stabbed him twice before he was slain would be material as to the question of provocation. (*People* v. *Costillo,* 15 Cal. 334; *People* v. *Roach,* 17 Cal. 297.)

*J. G. McCullough, Attorney-General,* for the People.

It will be noticed that the question of self-defense is not raised, nor is such even suggested by brief of counsel ; and if it has, there can be no doubt that Smith commenced the fight, nor is anything different even *claimed ;* therefore, this evidence is not necessary to illustrate the transaction, or to show Daley's

purpose, as it might be if there were any dispute as to who commenced the affray, and the defendant claimed he killed in self-defense.

The offer, therefore, was no part of the *res gestæ;* and the case of *People* v. *Arnold*, 15 Cal. 476, is no authority for defendant, nor would such evidence be proper to be considered by the jury in such a case as this.

In the cases of *People* v. *Costillo*, 15 Cal. 350, and *People* v. *Roach*, 17 Cal. 297, the offered testimony were parts of the *immediate* transaction wherein the killing occurred, and formed part of the *res gestæ*.

The idea of *res gestæ* presupposes a main fact; and the *res gestæ* are merely the surrounding circumstances which serve to illustrate it.    (1 Phillips' Ev. 201.)

By the Court, SANDERSON, C. J.

The defendant was indicted for the crime of murder, and upon the trial was convicted of murder in the second degree. The only error assigned relates to the exclusion of certain testimony offered on the part of the defendant.    It appears that the homicide was committed between nine and ten o'clock in the forenoon, and the defense offered to prove that there had been a quarrel and fight between the deceased and the defendant between three and four o'clock in the morning of the same day, in which the deceased had stabbed the defendant twice, and that the last fight was the result and a part of the first. This evidence was excluded by the Court upon the ground that it was irrelevant.

It is claimed that the evidence was admissible because the facts offered to be shown thereby constituted a part of the *res gestæ*.   This would be so if the first difficulty was a part of the last, as stated, but it is not easy to perceive how or by what kind of testimony two fights with an interval of six hours between them, during which time the parties had not met, can be proven to have been but one transaction.    It seems to us that when counsel offered to prove that these two

fights were in fact but one, they promised more, in view of the lapse of time and the separation of the parties, than their witness could have performed. We think it is clear that the evidence was not admissible, upon the ground that the first fight was a part of the *res gestæ*. If admissible at all on the part of the defense, it could be so only upon the ground that the first fight was the provocation for the second. But if the first fight is regarded as a provocation for the second, the interval between them was sufficient for the voice of reason and humanity to be heard, and the killing therefore attributable to deliberate revenge, and punishable as murder. The second fight was sought by the defendant, armed with a knife and pistol. The deceased told him that he was unarmed and unable to fight him; yet the defendant forced the quarrel, and ended it by stabbing and killing his adversary. Under all the circumstances, we think it is a little surprising that the District Attorney did not prove the first fight for the purpose of showing a grudge and deliberate revenge on the part of the defendant; and had he done so it is more than probable that the verdict would have been for murder in the first degree instead of the second. The defendant has more cause to rejoice than to complain of the ruling of the Court. (Wharton on Homicide, 179, *et sequens.*)

Judgment affirmed.